IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

YYZ, LLC,                                )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )        Civ. No. 13-581-SLR
                                         )
PEGASYSTEMS, INC.,                       )
                                         )
            Defendant.                   )

## MEMORANDUM ORDER

At Wilmington this 2nd of May, 2016, having reviewed defendant's motion for

attorney fees, and the papers filed in connection therewith;

IT IS ORDERED that defendant's motion for attorney fees (D.I. 150) is denied,

for the reasons that follow:

1. **Background.**  On April 11, 2013, plaintiff YYZ, LLC ("plaintiff") filed a patent

infringement action against defendant Pegasystems Inc.[1] ("defendant"), alleging

infringement of U.S. Patent Nos. 7,062,749 and 7,603,674 (collectively "the patents-in-

suit").  (D.I. 1)  The court issued its claim construction order on December 12, 2014.

(D.I. 108)  On October 8, 2015, the court issued an opinion and order granting

defendant's motion for summary judgment of invalidity and denying plaintiff's cross-

---

[1] Along with Hewlett-Packard Company (Civ. No. 13-136) and Adobe Systems, Inc.
(Civ. No. 13-579).

motion for summary judgment of validity.[2]  (D.I. 145, 146)  The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Standard.**  Section 285 provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285. "When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry."  *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012).  The court first determines whether the case is exceptional and, if so, whether an award of attorney fees is justified.  *Id.* at 915-16 (citations omitted).  The Supreme Court has defined "an 'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014).

3. District courts should consider the "totality of the circumstances" and use their discretion to determine on a case-by-case basis whether a case is "exceptional."  *Id.* "[A] 'nonexclusive' list of 'factors,' [to consider] includ[es] 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Id.* at n.6.  Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" or "a case

---

[2] Defendant's motion to strike the expert declaration was denied as moot.  (D.I. 145, 146)

presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 1757.  A party seeking attorney fees under § 285 must prove the merits of its contentions by a preponderance of the evidence. *Id.* at 1758.

4. **Analysis.** Defendant argues that this is an exceptional case because plaintiff[3] "knew its claims were objectively invalid over the prior art." Defendant focuses on plaintiff's articulation of the "inventive concept" in its 35 U.S.C § 101 briefing, arguing that such concept identified "claim elements that [plaintiff] had already conceded were known in the prior art, many of which were not even recited in the patent claims." (D.I. 152 at 12-13)[4]  In other words, defendant focuses on the very invalidity arguments presented in the summary judgment briefing.  The court expended considerable effort in reaching its invalidity determination and analyzed those very arguments in its opinion.[5] (D.I. 145 at 17-18)  Defendant's characterization of plaintiff's arguments as "reckless" and its claims as "clearly invalid" is in contradiction to the court's position that the § 101 analysis is an evolving state of the law and a difficult exercise, which does not lend itself to, e.g., shifting fees pursuant to 35 U.S.C. § 285.  (D.I. 152 at 12-18; D.I. 145 at 12 & n.18)

---

[3] Contrary to defendant's arguments, it is of no consequence that plaintiff is a non-practicing entity.  Many businesses and academic institutions enforce their patent rights through private companies and such a business strategy is not nefarious.  The court declines to treat such non-practicing entities as anything less than holders of constitutionally protected property rights, those rights having been legitimized by the Patent & Trademark Office.

[4] As defendant's brief does not have page numbers, *see* Local Rule 5.1.1, citations are to the page numbers assigned by ECF.

[5] Including the statements that the "messaging component" was a "new piece of software" and "did not exist at the time."

5. Defendant next argues that the applicant made material misrepresentations to the PTO to procure the patents-in-suit (which may or may not rise to the level of inequitable conduct) adding to the exceptionality of the case at bar.  According to defendant, plaintiff also failed throughout the litigation to "clearly point out how [defendant] could possibly infringe the claims."  (D.I. 152 at 20)  Plaintiff substantively disagrees with these contentions.  (D.I. 158 at 13-16)  On January 6, 2015, the parties discussed expert reports and defendant's intent to file a motion for invalidity under § 101.[6]  Plaintiff proposed that the parties brief such motion early and ask the court to stay all deadlines pending the court's decision, which request was subsequently approved.  (D.I. 110)  At the attorney fee stage, the court will not evaluate the parties' arguments regarding inequitable conduct (not asserted by defendant as a defense)[7] or the sufficiency of plaintiff's infringement contentions.  Indeed, defendant's arguments would have the court resolve the issue of infringement of an invalid patent on an incomplete record.  The court is not persuaded that plaintiff's conduct at bar was unreasonable or that the claims were exceptionally meritless, particularly in light of the changing landscape of § 101.  Accordingly, the court does not find that this is an exceptional case under 35 U.S.C. § 285.


_____
United States District Judge

---

[6] In light of *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, — U.S. —, 134 S.Ct. 2347 (2014).
[7] Hewlett-Packard Company sought to amend its answer to add inequitable conduct on different grounds.  (Civ. No. 13-136)

4